NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 26 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PABLO MARCOS RAMIREZ-CANSECO, | No. 25-2255 |
| Petitioner, | Agency No. A077-098-156 |
| v. | |
| TODD BLANCHE, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 22, 2026**

Before:     CANBY, BENNETT, and BADE, Circuit Judges.

Pablo Marcos Ramirez-Canseco, a native and citizen of Mexico, petitions

pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing

his appeal from an immigration judge's ("IJ") decision denying his applications for

cancellation of removal, asylum, withholding of removal, and protection under the

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We review for substantial evidence the agency's factual findings. *Arrey v. Barr*, 916 F.3d 1149, 1157 (9th Cir. 2019). We deny the petition for review.

Ramirez-Canseco does not challenge the BIA's determination that he waived review of the IJ's denial of cancellation of removal, so we do not address it. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013). Ramirez-Canseco's contentions regarding the merits of his cancellation of removal claim are not properly before the court because he did not raise them before the BIA. *See* 8 U.S.C. § 1252(d)(1) (administrative remedies must be exhausted); *see also Suate-Orellana v. Garland*, 101 F.4th 624, 629 (9th Cir. 2024) (the exhaustion requirement is not jurisdictional, but must be enforced if properly raised by a party).

The BIA did not err in its conclusion that Ramirez-Canseco waived any challenge to the IJ's dispositive findings regarding asylum and withholding of removal, including that his asylum application was untimely, that he failed to establish a nexus to a protected ground, and that he did not establish the government of Mexico is unable or unwilling to protect him. *See Alanniz v. Barr*, 924 F.3d 1061, 1068-69 (9th Cir. 2019) (no error in BIA's waiver determination).

Ramirez-Canseco's contentions regarding the merits of the IJ's findings are not properly before the court because he did not raise them before the BIA. *See* 8 U.S.C. § 1252(d)(1); *see also Suate-Orellana*, 101 F.4th at 629.

In light of this disposition, we need not reach Ramirez-Canseco's remaining contentions regarding the merits of his claims. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

Substantial evidence supports the agency's denial of CAT protection because Ramirez-Canseco failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009) (no likelihood of torture). We reject as unsupported by the record Ramirez-Canseco's contention that the agency erred in its analysis of his CAT claim.

The motion to stay removal is denied as moot.

**PETITION FOR REVIEW DENIED.**